**GROWTH LEASING, LTD., Appellant,**

v.

**SATELLITE MEDIUM CORPORATION,
et al., Respondents.**

No. C7–86–1028.

Court of Appeals of Minnesota.

Dec. 2, 1986.

Terry C. Hallenbeck, Janice B. Neetenbeek, Brown, Andrew, Hallenbeck, Signorelli & Zaller, P.A., Duluth, for appellant.

Michael I. Cohen, Harper, Eaton, Peterson & Orman, Duluth, for respondents.

Considered and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant obtained default judgment against respondents in a Florida circuit

court for the amount of $27,023.96. Appellant docketed the judgment in the St. Louis County District Court, Minnesota. Respondents moved the district court to vacate the judgment, arguing that the Florida court lacked personal jurisdiction to hear the matter. Respondents claimed they had insufficient minimum contacts with the state of Florida. The district court granted respondents' motion vacating the foreign judgment and this appeal followed. We affirm.

## FACTS

Appellant Growth Leasing, Ltd. and respondent Satellite Medium Corporation entered into a lease agreement on January 13, 1984. All negotiations for the lease were by telephone between the parties' agents in Tennessee. Growth Leasing leased certain video equipment to Satellite and Satellite agreed to make monthly payments to Growth Leasing at their Florida office. The lease agreement also required Satellite to provide Growth Leasing with certificates of insurance coverage and annual financial statements, but did not state whether these documents were to be delivered to the Florida, Tennessee, or any other office.

Respondents Todd R. Finner, Scott M. Finner, Elaine E. Finner and Gerald J. Chesney each executed a personal guarantee, promising performance under the lease agreement in the event of default by Satellite.

Growth Leasing sued Satellite and each of the guarantors in Florida alleging a breach of the lease agreement and guarantees. Growth Leasing personally served each defendant in Minnesota, but none of the defendants answered or otherwise appeared in Florida to defend the action. The Florida circuit court granted a default judgment which was later docketed in Minnesota.

Respondents sought to set aside the foreign judgment for lack of personal jurisdiction. They deny ever being present in the State of Florida for any transaction regarding Growth Leasing. All negotiations for lease of the video equipment were by telephone between the parties' agents in Tennessee. Respondents' contacts with the State of Florida are limited to the duty to make 54 payments on a debt at Growth Leasing's Florida headquarters.

The trial court found that the Florida court lacked personal jurisdiction over respondents due to their insufficient minimum contacts with Florida. For this reason the court granted respondents' motion to vacate the foreign judgment. Growth Leasing appeals from this order.

## ISSUE

Whether the trial court erred in ruling that the Florida court lacked personal jurisdiction over respondents due to insufficient minimum contacts with the forum?

## ANALYSIS

In 1982, the Minnesota Supreme Court addressed a case with nearly identical facts as the present case. In *Kreisler Manufacturing Corp. v. Homstad Goldsmith, Inc.,* 322 N.W.2d 567 (1982), the non-resident buyer's contacts with the forum state were limited to the mailing of product orders to Florida and the obligation to pay a debt at the resident seller's Florida headquarters. *Id.* at 569. The seller obtained a default judgment for breach of contract against the buyers in Florida. *Id.* The judgment was transferred to Minnesota and the buyers sought to set aside the judgment. *Id.* The Minnesota Supreme Court ruled that the nonresident's connection with the forum did not rise to the level of minimum contacts required by constitutional guarantees of due process. *Id.* at 573. The court reversed the trial court's determination that jurisdiction was proper and held that the Florida default judgment against the non-resident buyer was unenforceable in Minnesota. *Id.* We apply the *Kreisler* analysis and affirm.

A defendant may challenge an action brought on the basis of a foreign court's judgment by demonstrating that the foreign court rendered judgment in the

absence of proper personal jurisdiction; such judgments are not entitled to full faith and credit in Minnesota. *Id.* at 569. The proper exercise of in personam jurisdiction over a nonresident defendant requires compliance with appropriate state legislation enacted to provide the court with jurisdiction and, second, the exercise of jurisdiction under circumstances which do not offend the due process clause of the federal constitution. *Id.* at 569–70. Because we find that constitutional requirements of due process require vacation of the foreign judgment here, we need not decide whether the Florida long arm statute applies to respondents.

◼◼◼◼ In order for a court to exercise jurisdiction over a nonresident defendant, the defendant must have sufficient minimum contacts with the forum state to comply with "traditional notions of fair play and substantial justice." *Id.* at 571 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). In addition, the defendant must, by his activities in the forum state, have invoked both the benefits and the protections of the forum state's law. *Kreisler* at 571 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). The defendant's conduct and connections with the forum state must be such that he should reasonably anticipate being haled into court there. *Kreisler* at 571 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). Such reasonable anticipation may be indicated by acts by which the defendant purposely avails himself of the privilege of conducting activities within the forum state. *Kreisler* at 571 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). Nonpurposeful and nondeliberate behavior, on the other hand, does not invoke jurisdiction even where there was a form of contact with the forum. *Kreisler* at 571.

◼◼◼ In *Kreisler,* the plaintiff cited two contacts between the defendant and the forum state: product orders were filled out and signed in Minnesota then mailed to Florida and payment was due in Florida. *Id.* In the instant case, Growth Leasing contends that respondents had 54 monthly payments due in Florida and the contract required Satellite to provide insurance certificates and an annual financial statement. Although the contract specifies that the payments must be made to Growth Leasing at their Florida office, no similar requirement is included in the lease regarding where to send the insurance certificates or financial statements and it does not appear from the record that these documents were ever delivered to Florida.

The *Kreisler* court found that the quantity and the quality of the contacts between the nonresident defendant and the forum did not meet the level required for the Florida court to assert jurisdiction over the defendant. *Id.* at 573. Similarly, we find that, in the similar facts of this case, the quantity and quality of respondents' contacts with the State of Florida do not meet the level required for Florida to assert jurisdiction over respondents.

Since the *Kreisler* opinion was released in 1982, the United States Supreme Court has further delineated its stance on the constitutional limits of long-arm jurisdiction. In *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), personal jurisdiction over a non-resident defendant was upheld where the nonresident defendant's contacts with Florida were: attendance at a management training course in Florida; purchase of equipment from one of plaintiff's offices in Florida; negotiations and dispute resolutions with plaintiff in Florida; and failure to make required payments to the Florida office. *Id.* at 2179. Additionally, the contract expressly provided that Florida laws would govern disputes. *Id.* at 2187.

The *Burger King* court ruled that the defendant had established a substantial and continuing relationship with the plaintiff's Miami headquarters, received fair notice from the contract documents and the course of dealing that he might be subject to suit in Florida, and had failed to demon-

strate how jurisdiction in that forum would be otherwise fundamentally unfair. *Id.* at 2190. He had purposefully availed himself of the benefits and protections of Florida's laws by entering into contracts expressly providing that those laws would govern franchise disputes. *Id.* at 2187. Because of these factors, the court concluded that the trial court's exercise of jurisdiction pursuant to the Florida long-arm statute did not offend due process. *Id.* at 2190.

Although it appears that the Supreme Court may have extended the reach of long-arm statutes, that reach is still too short to extend to respondents in this case. The Supreme Court stated that an individual's contract with an out of state party *alone* cannot automatically establish sufficient minimum contacts in the other party's home forum; prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must be evaluated in determining whether the defendant purposely established minimum contacts within the forum. *Id.* at 2185–86.

In contrast to the *Burger King* defendants, the respondents here have not purposefully directed their activities at Florida residents. They have not purposefully availed themselves of the benefits and protections of Florida's laws; the lease agreement and the guarantees contained no choice of law provisions. All contract negotiations occurred in Tennessee, and respondents did not communicate by mail or telephone with Growth Leasing in Florida. For these reasons, respondents had insufficient minimum contacts with Florida for the Florida court to exercise jurisdiction.

## DECISION

Respondents' sole contact in Florida was the obligation to make payments there pursuant to contract. For this reason, the trial court properly granted respondents' motion to vacate foreign judgment on grounds that Florida court lacked personal jurisdiction.

Affirmed.